## SCHORR v. WEISFELD et al.

(Supreme Court, Appellate Division, Second Department. May 8, 1914.)

APPEAL AND ERROR (§ 799*)—MOTION TO DISMISS APPEAL—AFFIDAVITS.

    Under the special rule to the effect that a party desiring to oppose a motion to dismiss an appeal for want of prosecution must, "in addition to affidavits stating facts excusing the delay, also submit affidavits stating concisely the facts out of which the controversy arose and the questions of law and fact involved in the said appeal, and showing that the appeal is a meritorious one," an affidavit submitted by appellant's attorney, which merely stated that in his opinion "error was committed by the learned trial justice in the exclusion of evidence, and in charge to the jury," was insufficient.

    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3158–3160; Dec. Dig. § 799.*]

Action by Bernard Schorr against Frank Weisfeld and others. From a judgment for plaintiff, defendants appeal. Motion to dismiss appeal granted.

Argued before JENKS, P. J., and BURR, RICH, STAPLETON, and PUTNAM, JJ.

Don R. Almy, of New York City, for the motion.
Lyman A. Spalding, of New York City, opposed.

PER CURIAM. In January, 1910, this court adopted a special rule to the effect that a party desiring to oppose a motion to dismiss

an appeal for want of prosecution, "in addition to affidavits stating facts excusing the delay, must also submit affidavits stating concisely the facts out of which the controversy arose and the questions of law and fact involved in the said appeal, and showing that the appeal is a meritorious one." Although this rule has been printed as a part of every calendar of this court issued since that date, until very recently, when it was printed and published with all other rules relating to appeals in a separate pamphlet, it is frequently disregarded. When this motion was originally submitted, the appellants made not the slightest attempt to comply with the same. By direction of the court, the clerk called the attention of counsel to the rule and gave him an opportunity to submit additional affidavits. In response thereto he has submitted an affidavit in which he states that in his opinion "error was committed by the learned trial justice in the exclusion of evidence offered by defendant, and in the charge to the jury." The affidavit contains no facts from which the court can determine what questions, either of law or fact, are involved, or whether the appeal is a meritorious one. Failure to comply with the rule after counsel's attention has been specially called to the same warrants but one conclusion, which is that the appeal is without merit.

The motion to dismiss is therefore granted, with costs.

